UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 18-CR-255 (PLF) |
| | : | |
| **MAJID GHORBANI** | : | |

### MOTION TO COMPEL GOVERNMENT TO CORRECT FALSE PRESS RELEASE

Mr. Majid Ghorbani, pursuant to Local Rule of Criminal Procedure 57.7, respectfully moves this Honorable Court to issue an order directing the government to correct the false press release issued on November 5, 2019.  In support of this request, counsel submits the following.

On November 4, 2019, Mr. Ghorbani entered a guilty plea to one count of willfully violating the Iran Emergency Economic Powers Act (IEEPA), in violation of 50 U.S.C. § 1705 and 31 C.F.R. Parts 560.204, 560.206.  Mr. Ghorbani did *not* enter a guilty plea to acting as an agent of the Government of Iran.  As the government is well aware, Mr. Ghorbani has consistently maintained that he was not aware that information was going to the Government of Iran, and he never agreed to work for the Government of Iran.  This was again conveyed to the government during plea negotiations.

On November 5, 2019, the government issued a press release with the false title, "Two Individuals Plead Guilty to Acting as Illegal Agents of the Government of Iran."  *See* Attachment A. The press release also quoted Federal Bureau of Investigation Executive Assistant Director Jay Tabb falsely stating, "[t]hese individuals admitted to breaking the law and acting on behalf of the government of Iran by collecting information . . . ."

Later that night, the Washington Post mimicked the false statements in the government press release in an article titled "Two men plead guilty to acting as illegal agents for Iran in surveilling Americans," and stating, "[t]wo men have pleaded guilty to acting as illegal agents of the

government of Iran on charges stemming from monitoring a Jewish center in Chicago and Americans who are members of an exiled Iranian opposition group, the U.S. Justice Department and FBI announced Tuesday." *See* Attachment B.  Notably, Mr. Ghorbani was not charged in relation to Mr. Doostdar's activities in Chicago.  Other news outlets similarly reported the government's false statement.  *See*, *e.g.*, FoxNews, Two men plead guilty to acting as Iranian agents in US, spying on Americans, *available at* https://www.foxnews.com/us/two-men-plead-guilty-iran-agents-spying-americans.  These false reports also were published by news outlets that report in Farsi.

Local Rule 57.7 limits the release of information regarding pending matters.  Rule 57.7(b)(1) prohibits attorneys associated with pending matters from releasing information "if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."  Rule 57.7(b)(3)(a) prohibits the prosecution from releasing information about defendant's character, with the exception of "factual statements" about "age, residence, occupation, and family status."  Rule 57.7(b)(3)(vi) prohibits the prosecution from disseminating any opinion as to a defendant's guilt.   While the Local Rules do not prohibit the government from announcing the "result of any stage of the judicial process," *see* Rule 57.7(3), the government cannot disseminate *false* statements about such results which amount to statements about the defendant's character and the government's opinion as to guilt regarding a charge to which the defendant did not enter a guilty plea.

Here, the government's false press release is an attack on Mr. Ghorbani's character – falsely describing him as an admitted agent of the Government of Iran.  While the government may be of the opinion that Mr. Ghorbani was acting as such, Rule 57.7 prohibits the dissemination of such opinions.

The false press release and resulting false press reports not only are detrimental to the administration of justice, but also to Mr. Ghorbani and his family in the United States.  As a result of this false reporting, Mr. Ghorbani and his family fear retribution, both in the United States and, if

Mr. Ghorbani loses his status as a permanent resident in the United State, in Iran.

  WHEREFORE, for the foregoing reasons, Mr. Ghorbani respectfully requests that the Court compel the government to issue a new press release consistent with Rule 57.7, correcting the false statements issued on November 5, 2019.

              Respectfully submitted,

              A. J. KRAMER
              FEDERAL PUBLIC DEFENDER

                /s/
              _____
              MARY MANNING PETRAS

              Assistant Federal Public Defender
              625 Indiana Avenue, N.W.
              Suite 550
              Washington, D.C. 20004
              (202) 208-7500