## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **18-CR-255 (PLF)** |
| **MAJID GHORBANI** | : | |

### UNOPPOSED MOTION TO COMPEL DISCLOSURE OF RECOMMENDATION

Mr. Majid Ghorbani, through undersigned counsel, respectfully moves this Honorable Court to compel the United States Probation Office to provide the parties with a copy of the sentencing recommendation submitted to the Court by the Probation Office.   In support of this motion, counsel submits the following.

### Factual Background

On November 4, 2019, Mr. Ghorbani entered a guilty plea to one count of violating the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. § 1705, 31 C.F. R. § 560.204, 560.206.   He will appear before this Honorable Court for sentencing on January 15, 2019.

At the request of the Court, the Probation Office has prepared a memorandum for with calculations under the United States Sentencing Guidelines and provided a copy of this report to the parties.   Along with the final report, the Probation Office also will submit a sentencing recommendation to the Court, but will not provide a copy of this recommendation to the parties absent an order from the Court.   Undersigned counsel contacted a representative of the Probation Office, who indicated that the Probation Office has no objection to disclosing the recommendation in this case, if the Court orders disclosure.

Undersigned counsel also has contacted government counsel, and the government does not oppose this motion to compel disclosure of the recommendation.

### Argument

Federal Rule of Criminal Procedure 32(e)(3) provides that "[b]y local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence."   The Rule does not prohibit disclosure of the recommendation.   Although some districts have a local rule with such a blanket prohibition, this district does not.   Nonetheless, the Probation Office in this district has a policy of requiring a court order for disclosure.   As noted above, the government and the Probation Office do not oppose disclosure in this case.   Recently, the United States Court of Appeals for the District of Columbia Circuit held that the district court erred in denying an unopposed motion for disclosure of the sentencing recommendation, without a case-specific reason for doing so.   *United States v. McIlwain*, 931 F.3d 1176 (D.C. Cir. 2019).   There is no reason for doing so in this case.

Notably, the Honorable Chief Judge Beryl A. Howell requires the Probation Office to disclose to the parties the Probation Office's recommendation in all cases that are before Chief Judge Howell and others judges of this Court (the Honorable Reggie B. Walton, the Honorable Rudolph Contreras, and the Honorable Randolph D. Moss) have required its disclosure in unrelated matters.   Several districts have local rules requiring disclosure.  *See, e.g.*, E.D. Cal., L.R. 460(c) ("A copy of the probation officer's proposed presentence report, including the probation officer's recommendations, shall be made available to the United States Attorney's Office and to defense counsel not less than thirty-five (35) days before the date set for sentencing hearing."); S.D. Ohio Crim. R. 32.1(f) ("[U]nless otherwise ordered in an individual case, the

2

Probation Officer's recommendation, if any, on the appropriate sentence shall be disclosed in all copies of the initial and final presentence report including those furnished to counsel.").

Rule 32, "which governs sentencing and judgment, 'contemplates full adversary testing of the issues relevant to a Guidelines sentence . . . .'" *United States v. Christman*, 509 F.3d 299, 304 (6th Cir. 2007). The Rule requires that the Court permit "the parties' attorneys to comment on the probation officer's determination and on other matters relating to the appropriate sentence." Fed.R.Crim.P. 32(i)(1)(C); *see also Irizarry v. United States*, 553 U.S. 708, 715 (2008) ("Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the [sentencing] hearing and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues."). When a sentence is based on information not disclosed to the defendant, a resentencing is required. *See, e.g., United States v. Christman*, 509 F.3d 299, 310 (6th Cir. 2007) (remanding for resentencing where district court considered undisclosed subjective impressions and opinion of probation officer regarding defendant).

Rule 32 permits consideration of an undisclosed recommendation by the Probation Office, and some courts have held that the failure to disclose the recommendation does not violate due process where the basis for the recommendation was disclosed. *See, e.g., United States v. Peterson*, 711 F.3d 770, 778-79 (7th Cir. 2013) ("[I]f all facts on which the probation officer's recommendation is based appear in the PSR, the district court's consideration of the recommendation at sentencing does not violate due process."); *United States v. Baldrich*, 471 F.3d 1110, 1113 (9th Cir. 2006) (same); *see also, United States v. Pendleton*, 532 Fed. Appx. 529 (5th Cir. 2013) (failure to require disclosure not violation of due process where recommendation

was inadvertently disclosed and defendant able to challenge recommendation).    However,

permitting the submission of recommendations without disclosure to the parties risks the Court

considering undisclosed or unreliable information, arguments or insinuations.   *Cf. Christman*,

509 F.3d at 310 (Rule 32 designed to prevent consideration of information of questionable

accuracy and reliability such as unsubstantiated insinuations of probation officer).   When

addressing the need for full disclosure of presentence reports prior to the Sentencing Reform Act,

the Honorable Skelly Wright noted:

> probation officers -- like the rest of us -- are fallible.   Benevolent
> intentions and theoretical role definitions do not insure against
> factual inaccuracy in the presentence report.   Nor do they
> eliminate the risk of occasional prejudice or narrow vision on the
> part of the probation officer or his informants.   The only effective
> safeguard against the use of inaccurate, prejudicial or incomplete
> information as a basis for sentence is to allow the defendant
> himself to review the report and bring any shortcomings to the
> judge's attention.

*United States v. Dockery*, 447 F.2d 1178, 1193 (D.C. Cir. 1971) (Wright, J. dissenting).

The same argument applies to recommendations submitted to the Court, but not the parties.

Without the parties' ability to counter the position of the Probation Office, the Court may base its

sentencing decision on unreliable information or inferences that are unreasonable in light of

information known to the parties but not contained in the presentence report.   The "only

effective safeguard" is to allow the parties to review the recommendation.   Moreover, "[t]o the

extent confidential sentencing recommendations create the appearance of hidden information or

a secret tilt in the government's favor, . . . our federal sentencing procedures might be better

served by allowing the parties to evaluate any analysis that might form the basis of a judicial

determination."   *Peterson*, 711 F.3d at 778-79.   As the Seventh Circuit noted, disclosing the

recommendation to the parties "could allow the defense an opportunity to see and comment on the recommendation and independently confirm that all facts forming the basis for the recommendation are contained elsewhere in the report."   *Id.*

## <u>Conclusion</u>

For the foregoing reasons, Mr. Ghorbani respectfully moves this Honorable Court to disclose to the parties the sentencing recommendation made by the Probation Office.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.   20004
(202) 208-7500 ext. 109