**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 18-255 (PLF)** |
| | : | |
| **MAJID GHORBANI,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT GHORBANI'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO COMPASSIONATE RELEASE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Majid Ghorbani's Motion for Reduction of Sentence Pursuant to Compassionate Release, filed on March 28, 2020.  The government agrees that the defendant's age and medical conditions that create an increased vulnerability to COVID-19 present compelling reasons to modify his sentence, and does not oppose the Court amending defendant Ghorbani's existing sentence to permit the defendant to serve the remainder of his 30-month period of incarceration under home confinement, subject to electronic monitoring, to be followed by the previously-imposed term of 36 months of supervised release. Given the seriousness of the defendant's conduct in this case, however, the government does not agree that his sentence should be reduced where, as here, home confinement is possible.

On August 9, 2018, defendant Ghorbani was arrested in the Central District of California pursuant to a warrant issued by a magistrate judge in the District of Columbia.  He was presented in the Central District of California on August 10, 2018, and he waived his right to an identity hearing.  On August 14, 2018, he consented to detention pending transport to the District of Columbia.  Defendant Ghorbani made his initial appearance in this district on August 16, 2018.

He was indicted on August 20, 2018, and was ordered detained by Magistrate Judge G. Michael Harvey on August 21, 2018. Defendant Ghorbani has been continuously detained in this case since August 9, 2018.

On November 15, 2019, defendant Ghorbani entered a plea of guilty to Count Five of the Superseding Indictment, charging him with willfully violating the International Emergency Economic Powers Act (IEEPA), in violation of 50 U.S.C. § 1705 and 31 C.F.R. Parts 560.204 & 560.206. On January 15, 2020, this Court sentenced defendant Ghorbani to a term of imprisonment of 30 months, followed by 36 months of supervised release. At that time, the Court made the recommendation that the Bureau of Prisons consider designating the defendant to one of two Bureau of Prisons ("BOP") facilities located near Los Angeles, California.

The defendant has not yet been transferred to a BOP facility. Instead, he remains incarcerated at the D.C. Correctional Treatment Facility ("CTF"), which is a specialized medium security facility that is separate from the D.C. Central Detention Facility, and which, among other functions, houses defendants with medical conditions. Because defendant Ghorbani has not yet been federally designated, BOP has not formally computed his sentence. The government agrees with defense counsel that the defendant will have served 20 months of his 30-month sentence as of April 8, 2020, equal to two-thirds of his sentence.[1]

On March 11, 2020, the President declared a national emergency based on the COVID-19 pandemic. On March 26, 2020, an inmate at CTF tested positive for COVID-19. A second inmate at CTF, from a different unit, tested positive for COVID-19 on March 27, 2020. On March 28, 2020, defendant Ghorbani filed a motion to reduce his sentence pursuant to the Compassionate

---

[1]     Because defendant Ghorbani has less than 12 months to serve, it is possible that he will not be federally-designated. Additionally, BOP has restricted prisoner movement in light of the COVID-19 pandemic, which further diminishes the likelihood that he will be federally-designated.

Release Statute, 18 U.S.C. § 3582(c)(1)(A)(i), which included multiple exhibits detailing defendant Ghorbani's particular health issues.

On March 26, 2020, the Attorney General of the United States issued a memorandum directing BOP to prioritize its various statutory authorities to grant home confinement for inmates seeking transfer in light of the ongoing COVID-19 pandemic. *See Memorandum for the Director of Bureau Prisons*, March 26, 2020, at 1 (attached hereto as Exhibit A). That memorandum sets forth a number of factors for the BOP to consider in determining whether an inmate should be granted home confinement, including the age and vulnerability of the inmate to COVID-19, the inmate's current security level, the inmate's conduct in prison, and whether the conditions under which the inmate would be confined upon release would prevent a lower risk of contracting COVID-19 than the inmate would face in a BOP facility. *Id.* at 1-2. The memo further advises that inmates transferred to home confinement should be subject to location monitoring services and required to complete any ordered period of supervised release. *Id.* at 2.

Had defendant Ghorbani been designated to a federal facility, as anticipated by the Court and the parties at the time of his sentencing, he may have been released to home confinement pursuant to this memorandum, and in accordance with BOP's existing statutory authorities.[2] The fact that defendant Ghorbani remains in CTF custody at least in part because the COVID-19 pandemic caused BOP to restrict prisoner movement should not pose an impediment to this Court

---

[2]     The First Step Act (FSA), which was signed into law on December 21, 2018, re-established and expanded a pilot program under the Second Chance Act to place elderly and terminally ill inmates in home confinement. Under that program, defendants such as defendant Ghorbani, who is 60-years-old, and who has served two-thirds of his sentence, would be eligible to serve the remainder of their terms of imprisonment under home confinement. *See* Operations Memorandum 001-2019, dated April 4, 2019, available at https://www.bop.gov/policy/om/001-2019.pdf.

ordering that his sentence be amended to permit him to serve the remainder of his term of imprisonment under home confinement with electronic monitoring.

Indeed, this is not the first time the parties have explored the possibility of defendant Ghorbani being placed in some version of home confinement at his daughter's home in California. On June 26, 2019, defendant Ghorbani filed a renewed second motion to reconsider his detention in which he asked this Court to release him into the High Intensity Supervision Program ("HISP") in the custody of his daughter. *See* Doc. 59 at 9. Counsel for the defendant asserted at that time that the defendant was eligible for participation in HISP and that courtesy supervision could be provided by the Central District of California. *Id.* at 9. Counsel further asserted that:

> [T]he California GPS monitoring program is staffed by a duty officer 24 hours a day. And that officer is required to have their work cellphone ringer on high and answer calls immediately. The GPS system can be set to alert the duty officer immediately if the defendant leaves an authorized area (i.e., his home) or tampers with the monitor. If released, the Court could require GPS monitoring to ensure that his movements are monitored 24 hours a day and that a designated individual (e.g., a court officer or government agent) is alerted immediately – within one or two minutes – if he leaves the authorized area. There would be no delay in reporting any violation, and no ability to flee.

*Id.* at 10.

Although the government opposed the defendant's motion to be placed in the HISP program at that time, the government believes that the guidance of the Attorney General, in light of the defendant's age and medical conditions that create an increased vulnerability to COVID-19, mitigate in favor amending his sentence to permit him to serve the remaining 10 months under home confinement, supervised by the Central District of California. The government has contacted

U.S. Probation in the Central District of California.  They have informed government counsel that they are aware of the defendant's motion.[3]

The government opposes any reduction in the defendant's sentence.  As the government demonstrated at sentencing, together with his codefendant Ahmadreza Doostdar, defendant Ghorbani conducted surveillance of, and collected identifying information about, American citizens and U.S. nationals who are members of the group Mujahedin-e Khalq for the purpose of providing that information to Iran.  On two separate occasions, Ghorbani travelled from his home in California to distant locations to conduct these activities:  first to New York City in September 2017, and then to Washington, D.C., in May 2018.  On two occasions, Ghorbani met with Doostdar in California, where he provided information to Doostdar and received $5,000 in return for his services to Iran.  In light of the seriousness of this conduct, the sentence imposed by the Court was appropriate.

Ghorbani nonetheless asserts that he is entitled to reduction in this sentence pursuant to 18 U.S.C.  §  3582(c)(1)(A)(1).   The government respectfully disagrees.  Section 3582(b) states conclusively that "a judgment of conviction that includes such a sentence constitutes a final judgment for all . . . purposes" other than those specifically designated.  Here, defendant Ghorbani has not exhausted the administrative rights available to him, and there is no other basis to reduce his sentence.

---

[3]     Ghorbani's counsel has represented to the government that, if Ghorbani is released to home confinement, his daughter will purchase a ticket to permit the defendant to return to California. The government further understands that the Federal Public Defender Services will assist the defendant upon release in getting to the appropriate airport and in securing the essentials necessary for him to be able to fly from the Washington, D.C., area to the Central District of California.

## **CONCLUSION**

WHEREFORE, the government respectfully recommends that the Court order that the defendant serve the remainder of his sentence on home confinement, subject to electronic monitoring, followed by a period of supervised release of 36 months.

TIMOTHY J. SHEA
United States Attorney
D.C. Bar No. 437437

By: /s/Jocelyn Ballantine
JOCELYN BALLANTINE
ERIK KENERSON
JOLIE F. ZIMMERMAN
Assistant United States Attorneys
CA Bar No. 208267 (Ballantine)
Ohio Bar Number 82960 (Kenerson)
D.C. Bar No. 465110 (Zimmerman)
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7252 (Ballantine)
202-252-7201 (Kenerson)
202-252-7220 (Zimmerman)
Email: Jocelyn.Ballantine2@usdoj.gov
Erik.Kenerson@usdoj.gov
Jolie.Zimmerman@usdoj.gov

<u>Certificate of Service</u>

I HEREBY CERTIFY that a copy of the foregoing Government's Response to Defendant Ghorbani's Motion for Reduction of Sentence Pursuant to Compassionate Release was delivered via the Court's electronic filing system on counsel for the defendant, this 2nd day of April, 2020.

 /s/Jocelyn Ballantine
Jocelyn Ballantine
Assistant United States Attorney