UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 18-cr-00255-2 (PLF) |
| | ) | |
| **MAJID GHORBANI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**REPLY**

Mr. Majid Ghorbani, through undersigned counsel, respectfully replies to the Government's response, ECF No. 127, to his compassionate release motion, ECF No. 124. Section 3582(c)(1)(A) states in relevant part that a Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." Although the government is correct that Mr. Ghorbani's age and medical conditions are compelling circumstances, the solution they propose—a one-for-one substitution of the remaining months of his sentence for a term of home confinement, followed by the full term of supervised release—is simply not authorized by statute, as it would not result in a "reduc[tion] to the term of imprisonment." It is true that the BOP can effectuate this result and it is commendable that both the BOP and the government wish to do in appropriate cases, but Mr. Ghorbani is in the unfortunate position of not yet being within the BOP's custody.

Instead, the appropriate manner of making a one-for-one substitution of Mr. Ghorbani's remaining months in prison is to impose, as a condition of supervised release, that he serve the remaining months on home confinement. This is exactly what was done in *United States v. Samuel Powell*, No. 94-cr-316 (ESH), ECF No. 98 (Amended Order), where the Court ordered

1

that "Until June 16, 2020, the Defendant shall be (1) restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the Probation Officer," where the June 16, 2020 date was chosen because it corresponds to Mr. Powell's former release date.  The Court may therefore wish to impose Mr. Ghorbani's remaining ten months of home confinement as a condition of supervised release.

                Respectfully submitted,

                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER

                _____/s/_____
                JOANNA MUNSON PERALES
                Research & Writing Specialist
                625 Indiana Ave. NW, Ste. 550
                Washington, D.C. 20004
                (202) 208-7500