**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Criminal No. 18-255 (PLF)** |
| : | |
| **MAJID GHORBANI,** : | |
| : | |
| **Defendant.** : | |

**JOINT SUBMISSION REGARDING DEFENDANT GHORBANI'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO COMPASSIONATE RELEASE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Majid Ghorbani, through his undersigned counsel, respectfully submit this joint proposal regarding defendant Majid Ghorbani's request for compassionate release. The parties agree that the defendant's age and medical conditions create an increased vulnerability to COVID-19, and that this presents extraordinary and compelling reasons to modify his sentence. Since the time the government submitted its initial response to defendant Ghorbani's motion for compassionate release (which asserted that defendant Ghorbani was still awaiting designation), it has learned that on or about March 24, 2020, defendant Ghorbani was designated by the Bureau of Prisons (BOP) for transfer to a federal corrections facility in Terre Haute, Indiana. We further learned that, on or about March 26, 2020, the United States Marshal's Service formally requested that defendant Ghorbani be transferred to that facility. After speaking with a Senior Counsel at the BOP's Designation and Sentence Computation Center, the government further understands that because he has been designated and a request has been made for his transfer, Ghorbani is now considered a BOP prisoner, not a D.C. Department of Corrections prisoner, and that determining whether he is eligible for release through BOP's programs cannot be done until he is transferred

to a BOP facility. Except in the case of emergencies, no such transfers are taking place at this time, however, due to the COVID-19 pandemic.[1] The government therefore agrees with defendant Ghorbani that the only way to ensure that he is released in a timely fashion is through modification and reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

The parties therefore jointly agree and recommend that the Court reduce defendant Ghorbani's sentence to a sentence of time served. Upon his release, he will return to the Central District of California, where he will reside with his daughter. On April 3, 2020, the parties spoke with the Chief United States Probation Officer in the District of Columbia, who advised that he would contact his counterpart in the Central District of California that same day. He also requested, because of additional precautions being taken for the health and safety of U.S. Probation Officers and persons under their supervision, that the Court include language in its order that would allow for electronic monitoring of the defendant with the least restrictive technology available and subject to the discretion of the Probation Officer. The parties further jointly agree and recommend

---

[1] While 18 U.S.C. § 3582(c)(1)(A)(i) includes an exhaustion requirement, a Court can dispense with the administrative exhaustion requirement where, as here, there are "exceptional circumstances of peculiar urgency . . . ." *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (quoting *Granberry v. Greer*, 481 U.S. 129, 134 (1987)). Indeed, in the compassionate release context, courts have recognized that the exhaustion of administrative remedies can be waived when seeking relief will be futile. *See, e.g., Thody v. Swain*, No. 19-cv-09641, 2019 WL 7842560, *2 (C.D. Cal Nov. 26, 2019) ("A district court may, in its discretion, excuse the failure to exhaust if exhaustion would be futile," but finding the petitioners "conclusory allegations" to be insufficient to establish futility); *Merth v. Puentes*, No.1:19-cv-00251, 2019 WL 3003684, *3 (C.D. Cal July 10, 2019) ("As Respondent did 'not have the authority to grant any provision of the First Step Act without guidance from the Bureau of Prisons' . . . pursuing administrative remedies would have been futile. Accordingly, exhaustion can be waived."); *see also Jasperson v. BOP*, 460 F. Supp. 2d 76, 88 (D.D.C. 2006) ("The court may excuse exhaustion on futility grounds when an adverse decision would be a "'certainty.'") (quoting *Randolph-Sheppard Vendors of Am. V. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)). Here, waiting for BOP's response would be futile since, although the defendant has been designated to a BOP facility, his transport has been delayed indefinitely and therefore a determination of whether he is eligible for release through BOP's programs cannot be made.

that the Court sentence the defendant to 36 months of supervised release, and that the Court require the defendant to serve the first 10 months of that period at home, subject to electronic monitoring.

## **CONCLUSION**

WHEREFORE, the parties respectfully recommend that the Court order that the defendant be sentenced to time served and that, upon the defendant's release from custody, he be subject to a period of supervised release of 36 months, with a condition that the first 10 months of supervised release be served at home and subject to electronic location monitoring using the least restrictive

technology at the discretion of the U.S. Probation Office. A proposed order including language specifically approved by the U.S. Probation Office is being filed with this submission.

        TIMOTHY J. SHEA
        United States Attorney
        D.C. Bar No. 437437

By: /s/Jocelyn Ballantine_____
   JOCELYN BALLANTINE
   ERIK KENERSON
   JOLIE F. ZIMMERMAN
   Assistant United States Attorneys
   CA Bar No. 208267 (Ballantine)
   Ohio Bar Number 82960 (Kenerson)
   D.C. Bar No. 465110 (Zimmerman)
   United States Attorney's Office
   555 Fourth Street, N.W.
   Washington, D.C. 20530
   Telephone: 202-252-7252 (Ballantine)
   202-252-7201 (Kenerson)
   202-252-7220 (Zimmerman)
   Email: Jocelyn.Ballantine2@usdoj.gov
   Erik.Kenerson@usdoj.gov
   Jolie.Zimmerman@usdoj.gov

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/Joanna Munson Perales_____
JOANNA MUNSON PERALES
Research & Writing Specialist
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Email: joanna_perales@gmail.com

Certificate of Service

    I HEREBY CERTIFY that a copy of the foregoing Joint Submission Regarding Defendant Ghorbani's Motion for Reduction of Sentence Pursuant to Compassionate Release was delivered via the Court's electronic filing system on counsel for the defendant, this 3rd day of April, 2020.

                                             /s/Jolie F. Zimmerman
                                             Jolie F. Zimmerman
                                             Assistant United States Attorney